■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LYNCH, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Rockland County (Kelly, J.), rendered November 9, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts) under indictment No. 89-00091, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 7 to 21 years' imprisonment on each count, and ordered the defendant to pay restitution to the Rockland County Narcotics Task Force in the amount of $50, and (2) a judgment of the same court, also rendered November 9, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, under indictment No. 89-00094, upon his plea of guilty, and sentencing him to an indeterminate term of 5 to 15 years' imprisonment, to run concurrent with the sentence imposed upon indictment No. 89-00091.

Ordered that the judgment imposed under indictment No. 89-00091 is modified, by deleting therefrom the provision which ordered the defendant to pay restitution to the Rockland County Narcotics Task Force in the amount of $50; as so modified, that judgment is affirmed; and it is further,

Ordered that the judgment imposed upon indictment No. 89-00094 is affirmed.

In light of the recent holding of the Court of Appeals that a police department expending drug "buy" money is not considered a "victim" (Penal Law § 60.27) entitled to restitution, the People concede that restitution was improperly directed *(see, People v Rowe, 75 NY2d 948).*

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Suitte, 90 AD2d 80).* Mangano, P. J., Kunzeman, Sullivan and Ritter, JJ., concur.